AARON D. FORD
 Attorney General
GERRI LYNN. HARDCASTLE, Bar No. 13142
 Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, James Dzurenda,*
*Robin Hager, John Keast,*
*Gregory Martin and Brian Sandoval*

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 0 1 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA      ORDER

| | |
|---|---|
| JOHN DAVID PAMPLIN, | Case No. 3:16-cv-00745-MMD-CBC |
| Plaintiff, | **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO MOVE FOR SUMMARY JUDGMENT** |
| vs. | |
| WARDEN BAKER, *et al.*, | (First Request) |
| Defendants. | |

Defendants Renee Baker, James Dzurenda, Robin Hager, John Keast, Gregory Martin and Brian Sandoval, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn. Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time of sixty (60) days, or up to and including Monday, September 30, 2019, to file their motion for summary judgment.

## MEMORANDUM OF PONTS AND AUTHORITIES

**I.   INTRODUCTION**

This case is a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983. ECF No. 8 at 1. Plaintiff, John David Pamplin (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* Plaintiff alleges Defendants violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. ECF No. 10.

/ / /

According to this Court's Scheduling Order, motions for summary judgment are due today, July 31, 2019. Unfortunately, Defendants are unable to comply with this deadline and are seeking additional time to move for summary judgment. Defendants' counsel is currently preparing an answering brief due to the Ninth Circuit Court of Appeals on August 5, 2019. *See Friedman v. Woods, et al.*, USCA Docket No. 19-16136 (USDC Docket No. 3:17-cv-00433-MMD-WGC), DktEntry 2-1 at 1. Defendants' counsel is also currently preparing for a jury trial, which is scheduled to commence on August 12, 2019. *See Gruber v. Gedney, et al.*, Docket No. 3:15-cv-00543-RCJ-CBC, ECF No. 142 at 1.

Furthermore, multiple attorneys in the Bureau of Litigation, Public Safety Division, have recently left the division, and new attorneys have not yet started. The Public Safety Division is therefore severely short-staffed at this time. The burden this has placed on the attorneys remaining in the division, including Defendant's counsel, is dramatic and prevents the timely filing of the NDOC Defendants' motion for summary judgment. Defendants' counsel will also be leaving the division following her upcoming trial to accept a new position in the Office of the Attorney General. Thus, a new attorney will be assigned to represent Defendants, and this attorney will need sufficient time to become acquainted with the case and prepare the motion for summary judgment. Defendants therefore request an enlargement of time of sixty (60) days, or up to and including Monday, September 30, 2019, to file their motion for summary judgment.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented

before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B. Good cause exists to enlarge the time for Defendants to respond.**

Here, Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. Good cause exists to enlarge Defendants' time to move for summary judgment based on their counsel's current workload. As explained, counsel's workload is currently quite heavy, because the Public Safety Division is severely short-staffed at this time. Counsel's workload is additionally heavy, because she is preparing an answering brief due to the Ninth Circuit and preparing for trial in other cases.

Good cause exists to enlarge Defendants' time to move for summary judgment by sixty (60) days, because counsel will be leaving the Public Safety Division after the conclusion of her trial to accept a new employment opportunity in the Office of the Attorney General. This will require the assignment of a new attorney to represent Defendants, and the new attorney will need sufficient time to become acquainted with this case prior to drafting the motion for summary judgment.

Defendants request this enlargement of time in good faith, not for the purpose of unnecessary delay, and they do not anticipate any unfair prejudice to Plaintiff if this motion is granted.

///
///
///
///
///
///

1  III.  **CONCLUSION**

2  Based on the foregoing, Defendants respectfully request that this Honorable Court grant their motion and allow them an additional sixty (60) days, or up to and including Monday, September 30, 2019, to file their motion for summary judgment.

DATED this 31st day of July, 2019.

          AARON D. FORD
          Attorney General

          By: _____
          GERRI LYNN. HARDCASTLE, Bar No. 13142
          Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: 8/1/2019