| | | |
|---|---|---|
| JOHN DAVID PAMPLIN, | ) | 3:16-CV-0745-MMD-CBC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | August 22, 2019 |
| | ) | |
| WARDEN BAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE CARLA BALDWIN CARRY</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>     LISA MANN     </u>     REPORTER: <u>NONE APPEARING   </u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING                          </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING                        </u>

**MINUTE ORDER IN CHAMBERS:**

Several motions are currently pending.  The court will address each motion in turn.

**ECF No. 48, 49 & 50 – Plaintiff's motions to compel further discovery identifying unserved defendant, requesting issuance of summons, and request for sixty-day extension of time; and**
**ECF No. 58 – Plaintiff's second motion for enlargement of time**

By this motion, plaintiff seeks an extension of time to identify and locate information concerning a defendant that may be named Kimal or Kimer.  Specifically, plaintiff requests video surveillance from a cell search that occurred on August 2, 2014.  Defendants responded to the motion (ECF No. 51).  Defendants reveal that NDOC does not retain video surveillance for such an extended period of time unless the surveillance was designated for retention.  In this case, plaintiff did not initiate this action until December 21, 2016; therefore, this video surveillance was not designated for retention.  *Id.*  In addition, NDOC has searched employee records for any employee named Kimal or Kimer and have not identified any employee with either name.  *Id.*  Defendants have no opposition to the request for a sixty-day extension of time.  *Id.*  Plaintiff also filed a second request seeking additional time for to identify this defendant (ECF No. 58).

Plaintiff's motions (ECF No. 48, 49, 50 & 58) are **GRANTED in part.**  Plaintiff shall have to and including **Monday, October 21, 2019** to conduct discovery concerning defendant Kimal or Kimer.  To the extent plaintiff is able to further identify this defendant, he shall have until **Friday, November 1, 2019** to file a motion for service upon this defendant.  If NDOC is able to identify this defendant, the AG shall file the last known address under seal.

## ECF No. 54 – Plaintiff's motion for appointment of counsel

This is a civil rights action brought by *pro se* prisoner plaintiff John Pamplin. Plaintiff has moved for appointment of counsel (ECF No. 54). Defendants' opposed the motion (ECF No. 56). No reply was filed.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 54) is **DENIED**.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk