AARON D. FORD
  Attorney General
HARRY B. WARD, Bar No. 11317
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1159
E-mail: hward@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, James Dzurenda,*
*Robin Hager, John Keast,*
*Gregory Martin and Brian Sandoval*

FILED / ENTERED
COUNSEL/PARTIES OF RECORD
AUG 26 2019
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN DAVID PAMPLIN,

    Plaintiff,

vs.

WARDEN BAKER, *et al.*,

    Defendants.

Case No. 3:16-cv-00745-MMD-CBC

ORDER

**MOTION TO EXTEND DISCOVERY RESPONSE DEADLINE**
(Defendant's First Request)

Defendants Renee Baker, James Dzurenda, Robin Hager, John Keast, Gregory Martin and Brian Sandoval, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby move the Court to extend the Discovery Response Deadline outlined in the Scheduling Order of the Court of April 2, 2019, (ECF No. 40) pursuant to LR 26-4 and LR IA 6-1 for an additional thirty (30) days.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

This is a prisoner civil rights suit brought by Plaintiff John David Pamplin ("Plaintiff"), pursuant to 42 U.S.C. § 1983. ECF No.8. Plaintiff is an inmate incarcerated by the Nevada Department of Corrections ("NDOC"). *Id.* Plaintiff is currently housed at Ely State Prison ("ESP"). *Id.*

Plaintiff asserts he was diagnosed with drop foot while he was at Northern Nevada Correctional Center ("NNCC") and provided with a drop foot brace. EFC No. 10 at 3.

///

1

Plaintiff alleges a correctional officer seized his brace during a cell search telling Plaintiff he did not need it. *Id.* Plaintiff asserts he has sent numerous medical kites for back pain and for a new drop foot brace. *Id.* at 4.

On August 28, 2018, the Court screened Plaintiff's First Amended Complaint ("Complaint") and allowed Plaintiff to proceed on Count I based on a state due process claim dismissing Plaintiff's Count I claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). EFC No. 10 at 4-5. The Court also allowed Plaintiff to proceed on Count II regarding alleged deliberate indifference to serious medical needs. *Id.* at 6-8. Plaintiff alleges the violations occurred at NNCC and High Desert State Prison ("HDSP"). *Id.*

## II. RELEVANT PROCEDURAL HISTORY

On August 28, 2018, the Court issued Screening Order (EFC No. 10) and filed Plaintiff's Complaint. ECF No. 9 and ECF No. 10.

On March 5, 2019, Plaintiff served a Request for Production of Documents upon Defendants seeking the last known address of an "unserved Defendant." ECF No. 36.

On March 19, 2019, Defendants responded to Plaintiff's discovery request (ECF No. 36) informing Plaintiff that a Scheduling Order had yet been issued. ECF No. 38.

On April 2, 2019, the Court issued its Scheduling Order, setting July 1, 2019, as the Discovery deadline. ECF No. 40-2.

On April 23, 2019, the Court denied Plaintiff's request for production of documents suggesting the Plaintiff to properly seek documents requested through discovery, and not information or relief from the Court. ECF No. 44.

On July 24, 2019, Plaintiff propounded three (3) separate sets of interrogatories and requests for production of documents to Defendants.

Defendants have been working diligently regarding Plaintiff's requests and are in the process of producing documents and responding to Plaintiff's requests.

Defendant now brings this Motion requesting an extension to the date in which Defendant must respond to Plaintiff's three (3) discovery requests dated July 24, 2019.

///

## III. APPLICABLE LAW

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

## IV. ARGUMENT

Defendant submits that there is good cause to extend the discovery response deadline. Defendants have been working diligently in an effort to meet the original deadline by unfortunately are unable to meet the deadline. Defendant submits there is good cause allowing Defendants an additional 30 days to respond to the Plaintiff's Request for Production of Documents. No extension to the Discovery Deadline or any other deadline is necessary.

///
///
///
///
///
///
///
///
///

## V. CONCLUSION

Wherefore, Defendant submits that there is good cause for the extension of additional time in which to respond to the discovery request. Accordingly, Defendants respectfully request this Honorable Court grant their motion and allow them up to and including Monday, September 23, 2019, to file their response to the Plaintiff's Request for Production of Documents. This request for an extension of time is made in good faith and not for the purpose of undue delay.

DATED this 23rd day of August, 2019.

AARON D. FORD
Attorney General

By: /s/ HB Ward
HARRY B. WARD, Bar No. 11317
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

/s/
U.S. MAGISTRATE JUDGE
DATED: 8/26/2019