1  AARON D. FORD
      Attorney General
2  HARRY B. WARD, Bar No. 11317
      Deputy Attorney General
3  State of Nevada
   Public Safety Division
4  100 N. Carson Street
   Carson City, Nevada 89701-4717
5  Tel: (775) 684-1159
   E-mail: hward@ag.nv.gov
6
   *Attorneys for Defendants*
7  *Renee Baker, James Dzurenda,*
   *Robin Hager, John Keast,*
8  *Gregory Martin and Brian Sandoval*

9          **UNITED STATES DISTRICT COURT**

10            **DISTRICT OF NEVADA**     *ORDER*

11  JOHN DAVID PAMPLIN,              Case No.  3:16-cv-00745-MMD-CBC

12              Plaintiff,           **MOTION TO EXTEND DISCOVERY**
                                     **RESPONSE DEADLINE**
13  vs.                             **(Defendant's First Request)**

14  WARDEN BAKER, *et al.*,

15              Defendants.

16          Defendants Renee Baker, James Dzurenda, Robin Hager, John Keast, Gregory Martin and Brian

17  Sandoval, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry

18  B. Ward, Deputy Attorney General, hereby move the Court to extend the Discovery Response Deadline

19  outlined in the Scheduling Order of the Court of April 2, 2019, (ECF No. 40) pursuant to LR 26-4 and LR

20  IA 6-1 for an additional thirty (30) days to respond to Plaintiff's July 28, 2019, discovery requests.

21          **MEMORANDUM OF POINTS AND AUTHORITIES**

22  **I.     BACKGROUND**

23          This is a prisoner civil rights suit brought by Plaintiff John David Pamplin (Plaintiff), pursuant

24  to 42 U.S.C. § 1983. (ECF No.8.)   Plaintiff is an inmate lawfully incarcerated by the Nevada

25  Department of Corrections (NDOC). (*Id.*)   Plaintiff is currently housed at Ely State Prison (ESP). (*Id.*)

26          Plaintiff asserts he was diagnosed with drop foot while he was at Northern Nevada Correctional

27  Center (NNCC) and provided with a drop foot brace. (EFC No. 10 at 3.)

28  / / /

                                    1

1   Plaintiff alleges a correctional officer seized his brace during a cell search telling Plaintiff he did

2   not need it. (*Id.*)  Plaintiff asserts he has sent numerous medical kites for back pain and for a new drop

3   foot brace. (*Id.* at 4.)

4   On August 28, 2018, the Court screened Plaintiff's First Amended Complaint (Complaint) and

5   allowed Plaintiff to proceed on Count I based on a state due process claim dismissing Plaintiff's Count I

6   claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).  (EFC No.

7   10 at 4-5.)   The Court also allowed Plaintiff to proceed on Count II regarding alleged deliberate

8   indifference to serious medical needs. (*Id.* at 6-8.)  Plaintiff alleges the violations occurred at NNCC

9   and High Desert State Prison (HDSP). (*Id.*)

10  **II.      RELEVANT PROCEDURAL HISTORY**

11  On August 28, 2018, the Court issued Screening Order (EFC No. 10) and filed Plaintiff's

12  Complaint. (ECF No. 9 and ECF No. 10.)

13  On March 5, 2019, Plaintiff served a Request for Production of Documents upon Defendants

14  seeking the last known address of an "unserved Defendant." (ECF No. 36.)

15  On March 19, 2019, Defendants responded to Plaintiff's discovery request (ECF No. 36)

16  informing Plaintiff that a Scheduling Order had yet been issued. (ECF No. 38.)

17  On April 2, 2019, the Court issued its Scheduling Order, setting July 1, 2019, as the Discovery

18  deadline. (ECF No. 40-2.)

19  On April 23, 2019, the Court denied Plaintiff's request for production of documents suggesting

20  the Plaintiff to properly seek documents requested through discovery, and not information or relief from

21  the Court. (ECF No. 44.)

22  On July 24, 2019, Plaintiff propounded three (3) separate sets of interrogatories and requests for

23  production of documents to Defendants.

24  On August 23, 2019, Defendants filed a motion to extend discovery responses to Plaintiff's

25  three (3) separate sets of interrogatories and request for production of documents. (ECF. No. 61.)

26  On July 28, 2019, Plaintiff propounded additional discovery to Defendants, including

27  interrogatories, request for production of documents, and request for admissions.

28  / / /

2

1    Defendants have been working diligently regarding Plaintiff's additional discovery requests and

2    are in the process of producing documents, responding to Plaintiff's requests, and answering the request

3    for admissions.

4    Defendants now bring this motion requesting an extension to the date in which Defendants must

5    respond to Plaintiff's additional discovery (interrogatories, request for production of documents, and

6    request for admissions) dated July 28, 2019.

7    **III.    APPLICABLE LAW**

8    Local Rule 26-4 (revised May 1, 2016) provides as follows:

9    A motion or stipulation to extend any date set by the discovery plan,
     scheduling order, or other order must, in addition to satisfying the

10   requirements of LR IA 6-1, be supported by a showing of good cause for
     the extension. A motion or stipulation to extend a deadline set forth in a

11   discovery plan must be received by the court no later than 21 days before
     the expiration of the subject deadline. A request made within 21 days of

12   the subject deadline must be supported by a showing of good cause. A
     request made after the expiration of the subject deadline will not be

13   granted unless the movant also demonstrates that the failure to act was the
     result of excusable neglect. A motion or stipulation to extend a discovery

14   deadline or to reopen discovery must include:

15   (a) A statement specifying the discovery completed;

16   (b) A specific description of the discovery that remains to be completed;

17   (c) The reasons why the deadline was not satisfied or the remaining
     discovery was not completed within the time limits set by the discovery

18   plan; and,

19   (d) A proposed schedule for completing all remaining discovery.

20   **IV.    ARGUMENT**

21   Defendant submits that there is good cause to extend the discovery response deadline.

22   Here, Plaintiff has propounded discovery (interrogatories, request for production of documents,

23   and request for admissions) on two (2) separate dates. On July 24, 2019, Plaintiff propounded three (3)

24   separate sets of interrogatories and requests for production of documents to Defendants. On August 23,

25   2019, Defendants filed a motion to extend discovery responses to Plaintiff's three (3) separate sets of

26   interrogatories and request for production of documents. (ECF. No. 61.) On July 28, 2019, Plaintiff

27   propounded additional discovery to Defendants, including interrogatories, request for production of

28   documents, and request for admissions.

1     Defendant submits there is good cause allowing Defendants an additional 30 days to respond to

2 the Plaintiff's July 28, 2019, discovery requests.  No extension to the Discovery Deadline or any other

3 deadline is necessary.

4     Defendants have been working diligently in an effort to meet the original deadline but

5 unfortunately are unable to meet the deadline.

6 **V.  CONCLUSION**

7     Wherefore, Defendant submits that there is good cause for the extension of additional time in

8 which to respond to Plaintiff's July 28, 2019, discovery requests. Accordingly, Defendants respectfully

9 request this Honorable Court grant their motion and allow them up to and including Thursday,

10 September 26, 2019, to file their response to the Plaintiff's July 28, 2019, discovery requests.  This

11 request for an extension of time is made in good faith and not for the purpose of undue delay.

12     DATED this 27th day of August, 2019.

13                      AARON D. FORD
Attorney General

15             By:

16                      HARRY B. WARD, Bar No. 11317
Deputy Attorney General

17                      *Attorneys for Defendants*

19             **IT IS SO ORDERED**

20             U.S. MAGISTRATE JUDGE

21             DATED 8/28/2019