AARON D. FORD
  Attorney General
HARRY B. WARD, Bar No. 11317
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1159
E-mail: hward@ag.nv.gov

*Attorneys for Defendants
Renee Baker, James Dzurenda,
Robin Hager, John Keast,
Gregory Martin and Brian Sandoval*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>  Plaintiff,<br><br>vs.<br><br>WARDEN BAKER, *et al.*,<br><br>  Defendants. | Case No. 3:16-cv-00745-MMD-CBC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO MOVE FOR SUMMARY JUDGMENT**<br><br>**(Second Request)** |

Defendants Renee Baker, James Dzurenda, Robin Hager, John Keast, Gregory Martin and Brian Sandoval, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time of thirty (30) days, or up to and including Wednesday, October 30, 2019, to file their motion for summary judgment.

**MEMORANDUM OF PONTS AND AUTHORITIES**

**I.     INTRODUCTION**

This case is a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983. (ECF No. 8 at 1.) Plaintiff, John David Pamplin (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). (*Id.*)  Plaintiff alleges Defendants violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. (ECF No. 10.)

/ / /

/ / /

According to this Court's Scheduling Order, motions for summary judgment were due, July 31, 2019. (ECF No. 40 at 3:25-27.) Defendants were unable to comply with this deadline and sought additional time to move for summary judgment. (ECF No. 55.) This Court granted Defendant's request for an extension to file its summary judgment up to and including, Monday, September 30, 2019. (ECF No. 57.)

Defendants' former counsel, Gerri Lynn Hardcastle is no longer representing defendants in this matter. Defendants are now represented by Harry B. Ward. Furthermore, multiple attorneys in the Bureau of Litigation, Public Safety Division, have recently left the division, and new attorneys, including undersigned counsel, have only recently started with the Division. The Public Safety Division was severely short-staffed at the time. Defense counsel respectfully requests this extension to accommodate the new arrivals and the Division during this transition period.

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' request is timely and will not hinder or prejudice Plaintiff's case, but will allow for a thorough briefing to narrow or eliminate issues in this case. The requested thirty (30) day extension of time should permit the parties' time to adequately research draft, and submit dispositive motions in this case. Defendants assert that the requisite good cause is present to warrant the requested extension of time.

For these reasons, Defendants respectfully request a thirty (30) day extension of time from the current deadline to file dispositive motions in this case, with a new deadline to and including Wednesday, October 30, 2019.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B.  Good Cause Exists to Enlarge the Time for Defendants to Respond.**

Here, Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. Good cause exists to enlarge Defendants' time to move for summary judgment based on their counsel's current workload and recent employment with the Division.

Good cause exists to enlarge Defendants' time to move for summary judgment by thirty (30) days, because former counsel, Gerri Lynn Hardcastle, is no longer representing defendants in this matter and new counsel will need sufficient time to become acquainted with this case prior to drafting the motion for summary judgment.

Defendants request this enlargement of time in good faith, not for the purpose of unnecessary delay, and they do not anticipate any unfair prejudice to Plaintiff if this motion is granted.

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their motion and allow them an additional thirty (30) days, or up to and including Wednesday, October 30, 2019, to file their motion for summary judgment.

DATED this 30th day of September, 2019.

AARON D. FORD
Attorney General

By: /s/ Harry B. Ward
HARRY B. WARD, Bar No. 11317
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 10/3/2019

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 30th day of September, 2019, I caused to be served a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO MOVE FOR SUMMARY JUDGMENT,** by U.S. District Court CM/CEF Electronic Filing on:

John D. Pamplin #74405
Care of NNCC Law Librarian
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702
lawlibrary@doc.nv.gov

/s/ Caitie Collins
An employee of the
Office of the Attorney General