UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>　　　　　　　　Plaintiffs,<br>v.<br>WARDEN BAKER, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:16-cv-00745-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Plaintiff John David Pamplin, an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), filed this action *pro se* under 42 U.S.C. § 1983. Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") (ECF No. 86) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment (the "Motion") (ECF No. 69). The parties had until March 19, 2020 to file an objection. To date, no objection has been filed. For that reason, and because the Court agrees with Judge Cobb, the Court will adopt the R&R.

**II.　BACKGROUND**

The Court adopts the facts in the R&R (ECF No. 86 at 1-3) and does not recite them here.

**III.　LEGAL STANDARD**

　　**A.　Review of the Magistrate Judge's Recommendations**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the

moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

While the parties have failed to timely object to the R&R, the Court has nevertheless conducted a *de novo* review to determine whether to adopt the R&R. Having reviewed the R&R (ECF No. 86) and the Motion (ECF No. 69), the Court agrees with Judge Cobb and adopts the R&R in full.

Judge Cobb recommended that the Court grant the Motion as to Plaintiff's Fourteenth Amendment due process claim for unlawful deprivation of his property because Plaintiff had a meaningful post-deprivation remedy in the grievance process (*see Greene v. Nev. Dept. Of Corrections*, 2015 WL 1034276, * 5 (D. Nev. Mar. 10, 2015)) and Plaintiff had recourse to small claims court (*see* NRS §§ 41.0322, 73.010, and 41.031). (ECF No. 86 at 6-7.) *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not constitute a due process violation if a meaningful post-deprivation remedy for the loss is available).

In contrast, Judge Cobb recommended that the Court deny the Motion on Plaintiff's Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. (ECF No. 86 at 14.) Although Defendants contend that they did not act with deliberate indifference because they provided Plaintiff with medical appointments, medication and an ankle brace (ECF No. 86 at 10), the Court agrees with Judge Cobb that Defendants

1 | rely on medical records (ECF Nos. 71-3, 71-4) that are somewhat illegible and appear to
2 | be incomplete. (ECF No. 86 at 11.) Without further evidence, it is unclear to the Court that
3 | Defendants adequately addressed Plaintiff's medical needs. (*Id.*)

Finally, Judge Cobb recommended that the Court deny the Motion on the issue of qualified immunity. (ECF No. 86 at 12-14.) Defendants contend they are entitled to qualified immunity because they did not violate a clearly established right when they confiscated Plaintiff's brace. (*See* ECF No. 86 at 13.) But Defendants state the issue too narrowly. *See Deorle v. Rutherford*, 272 F.3d 1272, 1285-86 (9th Cir. 2001) (clarifying that qualified immunity does not require that a prior case prohibit the exact misconduct at issue in the case); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can be on notice that their conduct violates established law even in novel factual circumstances."). Here, Plaintiff alleged that Defendants violated Plaintiff's Eighth Amendment right when Defendants consciously disregarded an excessive risk to Plaintiff's health and chose a course of treatment that was medically unacceptable under the circumstances. (ECF No. 86 at 13). As Judge Cobb pointed out, this constitutes a violation of clearly established law. (*Id.* at 13-14.) *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 86) is accepted and adopted in full.

It is further ordered that Defendant's motion for summary judgment (ECF No. 69)

///

///

///

4

is denied, except as to Plaintiff's Fourteenth Amendment due process deprivation of property claim.

DATED THIS 25th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE